JOHN A. RUSSO, City Attorney - SB #129729
RANDOLPH W. HALL, Assistant City Attorney - SB #080142
RACHEL WAGNER, Supervising Trial Attorney - SB # 127246
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-4921
Fax: (510) 238-6500
Email: rwagner@oaklandcityattorney.org
25404/407386

Attorneys for Defendants
CITY OF OAKLAND, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS L. HARVEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, a municipal Corporation; OAKLAND POLICE DEPARTMENT; WAYNE TUCKER, Chief, Oakland Police Department; DEPUTY CHIEF HOWARD JORDAN, OAKLAND POLICE LIEUTENANT GIER, OAKLAND POLICE LIEUTENANT WHITMAN, OAKLAND POLICE OFFICER DOMINIQUE AROTZARENA, OAKLAND POLICE OFFICER J. MORRIS, OAKLAND POLICE OFFICER MUSCHI, OAKLAND POLICE OFFICER GUTIERREZ, In their official and individual capacities, Does 1 through 50, inclusive.<br><br>Defendants. | CASE NO. C07-01681 MJJ<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT<br><br>[FRCP 12b, 12e]<br><br>Date: July 10, 2007<br>Time: 9:30 a.m.<br>Dept: Courtroom 11, 19th floor<br><br>The Honorable Martin J. Jenkins |

-1-

C07-01681 MJJ

# I
# INTRODUCTION

Plaintiff apparently brings this suit arising from his detention at the Fresno County and two other county jails, in connection with an arrest warrant in Alameda County. Plaintiff has brought a "kitchen sink" complaint, seeking recovery under 42 U.S.C. Section 1983 and several supplemental state law claims, including claims under the California Constitution. Plaintiff names the City of Oakland and eight individual police officers ranking up to the Chief of Police, both in their individual and professional capacities.

The City defendants, and each of them, bring this motion to dismiss because certain of the causes of action are inadequately pled or barred as a matter of law. The City defendants also bring a motion for a more definite statement, under Rule 12(e), because it is impossible to ascertain which causes of action apply to which defendants from the complaint in its present form.

# II
# LEGAL DISCUSSION

## MOTION TO DISMISS [Rule 12b(6)]

A.  **Plaintiff's First Cause of Action Under 42 U.S.C. Section 1983 Must Fail As To Strip Searches At County Jails.**

In order to impose liability on a local governmental entity for failing to preserve constitutional rights, a Section 1983 plaintiff must prove "(1) that she possessed a constitutional right of which she was deprived; (2) that the municipality had a policy (3) that this policy amount[ed] to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy [was] the moving force behind the constitutional violation." Oviatt

-2-

Case No. C07-01681 MJJ
Memorandum of Points and Authorities in Support of
Motion to Dismiss and Motion for More Definite Statement

v. Pierce, 954 F.2d 1470, 1474 (9th Cir. 1992).

A plaintiff may prove that there is an "official policy" sufficient to impose municipal liability under Section 1983 in several ways. A plaintiff can identify the "edicts or acts" of an official policy maker charged with authority over the specific area in which the policy is applicable. Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978); Ulrich v. City and County of San Francisco, 308 F.3d 968, 985 (9th Cir. 2002). Alternatively, a plaintiff may show that an official policy maker ratified the policy announced by a subordinate employee, and the reasons for that policy. City of St. Louis v. Praprotnick, 485 U.S. 112, 127 (1988); Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir 1992). Finally, a plaintiff may demonstrate that a custom, practice or usage exists within a municipality that is so persistent and widespread as to be deemed an official policy, even when those customs or practices deviate from the written or otherwise officially articulated policies of the public entity. Monell v. New York Department of Social Services, 436 U.S. at 690-91 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970)); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

The mere fact that an official has authority to exercise discretion in a certain way does not mean that the action constitutes official policy of the municipality. Pembaur v. City of Cincinnati, 475 U.S. 469, 482 (1986) (plurality opinion). The offending act must be by the official with final policy making authority in that particular area of municipal affairs. Praprotnik, 485 U.S. at 924. Whether a particular official has final policy making authority is a question of state law and one consigned to the court. See Jett v. Dallas Independent School District, 491 U.S. 701, 737 (1989).

Here, plaintiff has alleged a separate Fourteenth Amendment violation, as part of his First Cause of Action, for visual body cavity searches. Complaint, para. 44. This claim apparently relates to plaintiff's factual allegation that "In all three jails, plaintiff was

-3-

Case No. C07-01681 MJJ
Memorandum of Points and Authorities in Support of
Motion to Dismiss and Motion for More Definite Statement

subjected to degrading and humiliating visual body cavity strip searches." Complaint, para. 32. It is clear on the face of the complaint that each of these three jails – the Fresno County Jail, the North County jail, and the Santa Rita jail (Dublin, California) – is a <u>county</u> jail. Complaint, paras. 27, 31. Plaintiff alleges no control, custom or practice by the City of Oakland as to searches conducted within those county jails (strip searches or otherwise) where he was detained. Plaintiff makes no allegation that jail personnel or county employees of those jails acted pursuant to any custom or practice of the City of Oakland. Nor can he as a matter of law.

Plaintiff thus has offered no allegations to support a claim of <u>municipal</u> liability. Conclusory allegations are insufficient to withstand a motion to dismiss. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). In the absence of sufficient allegations showing a viable basis for a claim against the City of Oakland, the City's motion to dismiss should be granted. <u>See, e.g., Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990) (holding dismissal appropriate in the absence of sufficient facts alleged to support a cognizable legal theory.)

**B.   Private Actions for Damages Are Not Permitted Under the California Constitution, And Thus The Fifth and Sixth Causes of Action Should Be Dismissed.**

Plaintiff's attempt to bring damages actions under the California Constitution are barred by controlling California law. As his fifth cause of action, plaintiff alleges a violation under Article 1, Section 13 of the California Constitution. As his sixth cause of action, plaintiff alleges a violation of Article 1, Section 7 of the California Constitution.

California courts have expressly rejected damages actions under either of these sections of the California constitution. In <u>Katzberg v. Regents of the University of California</u>, 29 Cal.4th 300 (2002), the California Supreme Court held that a plaintiff cannot

-4-

Case No. C07-01681 MJJ
Memorandum of Points and Authorities in Support of
Motion to Dismiss and Motion for More Definite Statement

bring a damages action under Article I, Section 7 of the California Constitution.  In a lengthy decision, the <u>Katzberg</u> court held that the availability of alternative remedies under statute or common law militated against the judicial creation of a tort cause of action under Article I, section 7.  <u>Id</u>. at 326-27.  <u>See also City of Simi Valley v. Superior Court</u>, 111 Cal. App. 4th 1077, 1085 (2003) (applying <u>Katzberg</u> to bar damages claim under Article I, Section 7).  Damages claims under Article I, Section 13 are similarly barred.  <u>Rendon v. City of Fresno</u>, 2005 WL 3144144 (E.D. Cal. 2005)(applying <u>Katzberg</u> to bar a claim under Article I, Section 13).  The recent case of <u>Weimer v. County of Kern</u>, 2006 WL 3834237, *6-8 (E.D. Cal. 2006) provides a lengthy discussion and case citations, showing again that plaintiff's damages claims under the California Constitution do not hold water.

**C.    Plaintiff's State Law Causes Of Action Fail to Allege a Statutory Basis for Liability Against the City.**

The City of Oakland can only be held liable for damages on the basis of a specific enactment giving rise to a mandatory duty.  <u>Brenneman v. State of California</u> (1989) 208 Cal.App.3d 812, 816-17 (1989); <u>see also Haggis v. City of Los Angeles</u> (2000) 22 Cal. 4th 490, 498-99.  Plaintiff fails to mention any statute giving rise to a mandatory duty on the part of the City of Oakland, throughout Counts Two through Four.[1]  The motion to dismiss should be granted.

**MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]**

Under Federal Rule of Civil Procedure 12(e), "if a pleading ... is so vague and

---

[1] These claims for False Arrest and Imprisonment (Count Two), Negligence (Count Three), and Negligent Infliction of Emotional Distress (Count Four).

-5-

Case No. C07-01681 MJJ
Memorandum of Points and Authorities in Support of
Motion to Dismiss and Motion for More Definite Statement

ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement [.]" See generally Wright & Miller, 5C Federal Practice and Procedure 3rd, Sections 1364-75, 1379 (2004).

Pursuant to Rule 12(e), defendants further move for a more definite statement as to the general allegations and several causes of action brought in the Complaint– a broadside against the City of Oakland, Police Department and eight individual defendants. The complaint gives no information as to which causes of action are brought against whom, and is too vague and ambiguous as to the allegations against any single defendant, for these defendants to meaningfully respond to the complaint.

While plaintiff sues the City of Oakland and eight police officers, ranging from a patrol officer to the Chief of Police, none of the causes of action are made out specifically against the City or against any identifiable defendant. Because different immunities, and legal standards, apply to the City as a public entity versus the individually named officers, the defendants are entitled to a more definite statement as to who is being sued in each cause of action. See, e.g, Jercich v. County of Merced, 2006 WL 3747184, *7 (E.D. Cal. 2006) (granting Rule 12(e) motion); Avalos v. Baca, 2006 WL 802330 (C.D. Cal. 2006) (same); Commodity Futures Trading Com'n. v. Beasley, 2005 WL 22172003, *2 (N.D. Cal. 2005) (same).

Equally problematic, the most that plaintiff offers as to each of the several defendants is that he/she "has personally directed and taken part in unlawful practices and policies alleged in this complaint." Complaint, paragraphs16 through 22. Each of the individual defendants is served in their official and individual capacities. Id., paragraph 23. Yet, in the

-6-

Case No. C07-01681 MJJ
Memorandum of Points and Authorities in Support of
Motion to Dismiss and Motion for More Definite Statement

general allegations of fact spanning pages 5 through 7 (inclusive), plaintiff never identifies which defendant officer – out of eight named defendants – is the subject of the allegation(s) made.

Defendants move for a more definite statement, as to which factual allegations are alleged against which of several officers, and as to which causes of action are alleged against which defendants. Defendants are unable to effectively respond to the complaint with a more comprehensive motion to dismiss, or to answer the complaint with any efficiency, without a more definite pleading.

## CONCLUSION

For the foregoing reasons, the first cause of action under Section 1983, the state law causes of action against the City, and the purported claims under the California Constitution are defective as a matter of law. Further, the City defendants are entitled to a more definite statement as to each cause of action against each of the several named individual defendants in the complaint.

Dated: June 4, 2007

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
RACHEL WAGNER, Supervising Trial Attorney

By:     S/S
        Attorneys for Defendant
        CITY OF OAKLAND

-7-
Case No. C07-01681 MJJ
Memorandum of Points and Authorities in Support of
Motion to Dismiss and Motion for More Definite Statement

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Case No. C07-01681 MJJ
Memorandum of Points and Authorities in Support of
Motion to Dismiss and Motion for More Definite Statement

**PROOF OF SERVICE**
**Harvey vs. City of Oakland**
**Case No. C07-01681 MJJ**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One City Hall Plaza, 6th Floor, Oakland, California 94612. On date shown below, I served the within documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing such envelope to be sent by Federal Express/Express Mail

**Demetrius L. Harvey**
**360 So. Helm Avenue**
**Fresno, CA   93727**
**Telephone:  559-255-1971**

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed on June 4, 2007, at Oakland, California.

S/S _____
Deborah Walther

-9-

Case No. C07-01681 MJJ
Memorandum of Points and Authorities in Support of
Motion to Dismiss and Motion for More Definite Statement