JOHN A. RUSSO, City Attorney - SB #129729
RANDOLPH W. HALL, Assistant City Attorney - SB #080142
RACHEL WAGNER, Supervising Trial Attorney - SB # 127246
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-4921
Fax: (510) 238-6500
Email: rwagner@oaklandcityattorney.org
25404/413698

Attorneys for Defendants
CITY OF OAKLAND, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS L. HARVEY,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF OAKLAND, a municipal Corporation; OAKLAND POLICE DEPARTMENT; WAYNE TUCKER, Chief, Oakland Police Department; DEPUTY CHIEF HOWARD JORDAN, OAKLAND POLICE LIEUTENANT GIER, OAKLAND POLICE LIEUTENANT WHITMAN, OAKLAND POLICE OFFICER DOMINIQUE AROTZARENA, OAKLAND POLICE OFFICER J. MORRIS, OAKLAND POLICE OFFICER MUSCHI, OAKLAND POLICE OFFICER GUTIERREZ, In their official and individual capacities, Does 1 through 50, inclusive.<br><br>   Defendants. | CASE NO. C07-01681 MJJ<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT<br><br>[FRCP 12b, 12e]<br><br>Date: September 18, 2007<br>Time: 9:30 a.m.<br>Dept: Courtroom 11, 19th floor<br><br>The Honorable Martin J. Jenkins |

Memorandum of Points and Authorities In Support of Motion to Dismiss First Amended Complaint and Motion for More Definite Statement

C07-01681 MJJ

**TABLE OF CONTENTS**

**Page No.**

I.   INTRODUCTION ................................................................................................1

II.  MOTION TO DISMISS [Rule 12b(6)] ...............................................................2

    A.  Plaintiff's First Cause of Action Under 42 U.S.C. Section 1983, A Monell Claim, Fails As A Matter of Law. ...........................................2

        1.  Requirements Of A Monell Claim Are Not Met. .............................2

        2.  Strip Searches Conducted By Other Public Entities (Various Counties) Cannot Be The Basis of A Monell Claim Against the City of Oakland. ...................................................4

    B.  Plaintiff Improperly Relies on A Single Incident (His Arrest Pursuant to a Warrant) To Make A Monell Claim Under 42 U.S. Section 1983. .........................................................................................5

    C.  Claims Based on Detention or Jailing Under A Facially Valid Arrest Warrant Have Been Rejected by Both Federal and California Courts (All Causes of Action) ......................................................6

    D.  Private Actions for Damages Are Not Permitted Under the California Constitution, And Thus The Fifth and Sixth Causes of Action Should Be Dismissed. ...............................................................9

    E.  Plaintiff's State Law Causes Of Action For False Arrest And Imprisonment, Negligence, and Negligent Infliction of Emotional Distress Fail Against the City. ................................................10

    F.  Plaintiff Makes No Fact Allegations To Support The Claims Broadly Made Against Several Individual Defendants. ........................10

III. MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)] ...................11

IV.  CONCLUSION ................................................................................................12

Memorandum of Points and Authorities In Support of Motion to Dismiss First Amended Complaint and Motion for More Definite Statement

i

C07-01681 MJJ

**TABLE OF AUTHORITIES**

**Page No.**

FEDERAL CASES

Adickes v. S.H. Kress & Co.
  398 U.S. 144, 167-68 (1970)..................................................................................3
Alexander v. County of Los Angeles
  64 F.3d 1315, 1322 (9th Cir. 1995)........................................................................8
Avalos v. Baca
  2006 WL 802330 (C.D. Cal. 2006)......................................................................11
Baker v. McCollan
  443 U.S. 137 (1979).........................................................................................6, 7
Balistreri v. Pacifica Police Dept.
  901 F.2d 696, 699 (9th Cir. 1990)..........................................................................5
Bryan County Commissioners v. Brown
  520 U.S. 397 (1997).........................................................................................3, 4
City of Oklahoma City v. Tuttle
  471 U.S. 808, 823 (1978)..................................................................................4, 6
Commodity Futures Trading Com'n. v. Beasley
  2005 WL 22172003, *2 (N.D. Cal. 2005)...........................................................11
Jercich v. County of Merced
  2006 WL 3747184, *7 (E.D. Cal. 2006)..............................................................11
Monell v. New York Department of Social Services
  436 U.S. 658, 694 (1978)..................................................................................2, 3
Navarro v. Block
  72 F.3d 712, 714 (9th Cir. 1985)............................................................................5
Oviatt v. Pierce
  954 F.2d 1470, 1474 (9th Cir. 1992)......................................................................2
Rendon v. City of Fresno
  2005 WL 3144144 (E.D. Cal. 2005)......................................................................9
Saucier v. Katz
  533 U.S. 194, 201 (2001)..................................................................................8, 9
Sprewell v. Golden State Warriors
  266 F.3d 979, 988 (9th Cir. 2001).........................................................................5

Memorandum of Points and Authorities In
Support of Motion to Dismiss First Amended
Complaint and Motion for More Definite
Statement
                                              ii                                              C07-01681 MJJ

Trevino v. Gates
   99 F.3d 911, 918 (9th Cir. 1996) ...................................................................................3
Ulrich v. City and County of San Francisco
   308 F.3d 968, 985 (9th Cir. 2002) .................................................................................2
Weimer v. County of Kern
   2006 WL 3834237, *6-8 (E.D. Cal. 2006) ....................................................................9

STATE CASES

Brenneman v. State of California
   208 Cal. App. 3d 812, 816-17 (1989) .........................................................................11
City of Simi Valley v. Superior Court
   111 Cal. App. 4th 1077, 1085 (2003) .........................................................................10
Haggis v. City of Los Angeles
   22 Cal. 4th 983 (2000) ................................................................................................11
Katzberg v. Regents of the University of California
   29 Cal.4th 300 (2002) .................................................................................................10
Lopez v. City of Oxnard
   207 Cal.App.3d 1, 7-9 (1989) ..................................................................................8, 9

FEDERAL STATUTES

42 U.S.C. § 1983 ....................................................................................................................7

STATE STATUTES

California Government Code Section 815……………………………………………………10

Memorandum of Points and Authorities In
Support of Motion to Dismiss First Amended
Complaint and Motion for More Definite
Statement

iii

C07-01681 MJJ

## I. INTRODUCTION

In response to the City defendants' motion to dismiss the initial complaint, plaintiff eventually filed a first amended complaint. The City defendants bring this second motion to dismiss, because the defects contained in the initial complaint have not been cured.

Plaintiff brings this suit arising from his detention at the Fresno County and two other county jails, in connection with an arrest warrant from Alameda County. Plaintiff claims that he was improperly strip-searched at three different County jails, and claims that his detention and arrest by Oakland police were based on incorrect information that he was a suspect in a robbery and hate crime. On December 27, 2005, Plaintiff was detained by the Fresno Police Department and taken to the Fresno County jail pursuant to an outstanding arrest warrant. After being transported to Oakland, plaintiff was jailed in the North County jail and Santa Rita jail (Dublin), and the District Attorney filed charges against plaintiff on January 3, 2006. Plaintiff obtained bail and was released from jail on January 8, 2006. The charges later were dismissed by the District Attorney for lack of sufficient evidence.

Plaintiff has brought a "kitchen sink" complaint, seeking recovery under 42 U.S.C. Section 1983 and several supplemental state law claims. Plaintiff broadly names the City of Oakland and eight individual police officers ranking up to the Chief of Police, both in their individual and professional capacities, and seeks punitive damages against each of them.

The City defendants, and each of them, bring this motion to dismiss because several causes of action are inadequately pled or barred as a matter of law. The Monell claim against the City fails because plaintiff points to nothing beyond this single incident regarding his arrest and detention and, further, as to strip searches conducted at County jails the City is neither a decisionmaker nor a policymaker as to County entities. Further, the state law claims are insufficient or barred as a matter of California law. The several

claims against the individual defendants are largely unsupported by any facts to explain why they even appear in the complaint.

The City defendants also bring a motion for a more definite statement under Rule 12(e), because it is impossible to ascertain which causes of action apply to which defendants from the complaint in its present form.

## II. MOTION TO DISMISS [RULE 12B(6)]

### A. Plaintiff's First Cause of Action Under 42 U.S.C. Section 1983, A Monell Claim, Fails As A Matter of Law.

#### 1. Requirements Of A Monell Claim Are Not Met.

In order to impose liability on a local governmental entity for failing to preserve constitutional rights, a Section 1983 plaintiff must prove "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy (3) that this policy amount[ed] to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy [was] the moving force behind the constitutional violation." Oviatt v. Pierce, 954 F.2d 1470, 1474 (9th Cir. 1992).

A plaintiff must plead an "official policy" sufficient to impose municipal liability under Section 1983. Plaintiff must identify the "edicts or acts" of an official policy maker charged with authority over the specific area in which the policy is applicable. Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978); Ulrich v. City and County of San Francisco, 308 F.3d 968, 985 (9th Cir. 2002). Liability cannot be imposed on the basis of respondent superior. Rather, the deprivation of constitutional rights must have occurred pursuant to municipal "custom" or "policy" to lead to municipal liability. 436 U.S. at 690. Alternatively, a plaintiff may demonstrate that a custom, practice or usage

exists that is so persistent and widespread as to be deemed an official policy, even when those customs or practices deviate from the written or otherwise officially articulated policies of the public entity.  Id. at 690-91, citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).  A municipality may be liable in the absence of an official policy only if a plaintiff proves "the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal violators were not discharged or reprimanded."  Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1985).

Since Monell, the United States Supreme Court further has established that there can be no liability "unless deliberate action attributable to the municipality is itself the 'moving force' behind the plaintiff's deprivation of federal rights."  Bryan County Commissioners v. Brown, 520 U.S. 397 (1997) (emphasis in original).  The burden of proving "deliberate" conduct as the "moving force" is a high barrier.  Plaintiff must demonstrate "that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."  Id. at 403.  The acts of a municipal employee "will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably."  Id. at 404 (emphasis in original).  To successfully sue the municipality—another and different level of liability—plaintiff must show that the municipality itself took an affirmative act with "deliberate indifference as to its known or obvious consequences," and that the act caused the employee to deprive plaintiff of his federal rights.  Id. at 405.

This "stringent standard of fault" requires proof that the "plainly obvious consequence" of a decision by a municipal policymaker was the particular injury suffered by plaintiff. Id. at 406-07. A showing of simple negligence will not suffice. Id. at 405]. "[A]t the very least there must be an affirmative link between the policy and particular constitutional violation alleged." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1978).

Here, plaintiff's complaint does not make out a cognizable Monell claim. In his "General Allegations," plaintiff makes only the sweeping conclusory statement that unnamed "supervisory and policy-making officers have taken no effective action to ensure that arrest warrants are executed properly, and that safeguards are put into place to avoid the arrest and detention of someone who is not the person police are looking for." First Amended Complaint, para. 50. In the Monell claim itself (i.e., the First Cause of Action), plaintiff's allegations are similarly vague, stating that "defendants" deprived plaintiff of "his right to be free of unreasonable searches and seizures" under the Fourth and Fourteenth Amendments. Plaintiff identifies no decision-maker, no policy, and no causation or deliberate indifference that forseeably led to the instant arrest and detention in his criminal case. The First Cause of Action should be dismissed.

**2. Strip Searches Conducted By Other Public Entities (Various Counties) Cannot Be The Basis of A Monell Claim Against the City of Oakland.**

Plaintiff seemingly has alleged a distinct Section 1983 violation, as part of his First Cause of Action, for visual body cavity searches. First Amended Complaint, paras. 37, 48. This claim apparently relates to plaintiff's factual allegation that "In all three jails, plaintiff was subjected to degrading and humiliating visual body cavity strip searches."

Id., para. 36. It is clear on the face of the first amended complaint that each of these three jails – the Fresno County Jail, the North County jail, and the Santa Rita jail (Dublin, California) – is a county jail. Id., paras. 31, 35-38. Plaintiff alleges no control by the City of Oakland as to searches conducted within those county jails where he was detained. Plaintiff makes no allegation that jail or county employees acted pursuant to any policy or practice of the City of Oakland. Nor can he as a matter of law. Those jails are County jails under the control of separate public entities and their employees.[1] The City of Oakland cannot be held liable for events that occur within a prison – whether it be County, State or Federal – that is outside of its jurisdiction.

Plaintiff thus has offered no allegations to support a claim against the City of Oakland for strip searches allegedly performed at a County jail while in custody there. Conclusory allegations are insufficient to withstand a motion to dismiss. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In the absence of sufficient allegations showing a viable claim against the City of Oakland, the City's motion to dismiss should be granted. See, e.g., Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

**B.  Plaintiff Improperly Relies on A Single Incident (His Arrest Pursuant to a Warrant) To Make A Monell Claim Under 42 U.S. Section 1983.**

An isolated incident is insufficient to establish a claim of municipal liability. Under Section 1983, to impose liability based on an isolated incident, plaintiff is required to show the existence of a municipal policy attributable to a municipal policymaker, and that such policy caused the alleged deprivation of constitutional rights. Evidence of "random acts or isolated events" is insufficient." Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1985).

---

[1] Plaintiff does not name Fresno County, North County or Alameda County as defendants in this complaint, the entities that allegedly strip-searched him while he was in their custody. Defendants have no information whether Plaintiff has filed any claim or lawsuit against any County separately.

A "single incident" claim faces an imposing standard of proof:

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policy maker. Otherwise the existence of the unconstitutional policy must be separately proved. But where the policy itself is not unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation.

City of Oklahoma City, 471 U.S. at 824.

Here, plaintiff's case is based on a single incident. Plaintiff has pleaded no "official policy" that condones the purported deprivations of plaintiff's civil rights as to his particular criminal case. Neither can he provide any evidence that the City's policies caused his alleged injury. This absence of proof is fatal to plaintiff's claims against the City, because "at the very least there must be an affirmative link between the policy and particular constitutional violation alleged." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1978).

**C.   Claims Based on Detention or Jailing Under A Facially Valid Arrest Warrant Have Been Rejected by Both Federal and California Courts (All Causes of Action)[2]**

By the Section 1983 federal claim and several state law claims against numerous individual defendants, plaintiff apparently means to sue any officer who acted pursuant to the facially valid arrest warrant against him. (The only officer alleged to have knowledge of the lack of probably cause alleged by plaintiff is Officer Arotzarena; no other officer is accused of any culpable conduct). Plaintiff's attempt to bring claims for his detention and jailing pursuant to a facially valid arrest warrant is the very kind of claim that has been rejected by both federal

---

[2] The transport, detention, or jailing of Harvey under a facially valid warrant does not rise to a Fourth Amendment or state law tort, as discussed below. The submission of the warrant by Officer Arotzarena to Judge Tabor [First Amended Complaint, para. 40-43], is a separate matter alleged by Harvey against that particular defendant.

and California courts.

The seminal case regarding detention pursuant to a facially valid warrant is Baker v. McCollan 443 U.S. 137 (1979). In Baker, a warrant was issued in the name of Linnie McCollan based on the acts of Leonard McCollan, who was using Linnie's driver's license with a substituted photograph. Linnie was arrested for running a red light and then held for three days because of the warrant. The Supreme Court held that the arrest and detention did not constitute a violation of plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983. "Whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution. Respondent was indeed deprived of his liberty for a period of days, but it was pursuant to a warrant conforming, for purposes of our decision, to the requirements of the Fourth Amendment." Baker, 443 U.S. at 144.

A person's protestations of innocence did not change its Fourth Amendment analysis. "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released. . . . Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." Id. at 145. "Given the requirements that arrests be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim." Id.

Further, as to the state law claims, when a warrant appears valid and adequately describes the detained person, the officer has the lawful authority to arrest that person as

a matter of law. <u>Lopez v. City of Oxnard</u>, 207 Cal.App.3d 1, 7-9 (1989) (citing <u>Whirl v. Kern</u>, 407 F.2d 781, 790, 791-792, for the proposition that jail personnel and police officers on the street are entitled to rely on process and orders apparently valid on their face). In <u>Lopez</u>, the court sustained the city, the officers, and the jail personnel's demurrer without leave to amend because "neither the police officers nor the jailer breached any duty in refusing to consider the dispositions he showed to them" <u>Id</u>. at 5. With respect to the officers, the court reasoned that the officers are afforded very broad protection against claims of false imprisonment and negligence because the officer needs "to act swiftly and to make on-the-spot evaluation…." <u>Id</u> at 7.  "It is not the function of an arresting officer to investigate the procedure by which the warrant was issued, nor is it his duty to consider the propriety of its issuance provided the warrant is regular on its face." <u>Id</u> at 8.

Given the facts pleaded in the first amended complaint, neither the City nor the officers who transported or jailed plaintiff -- pursuant to a facially valid warrant – can be subjected to a Fourth Amendment claim or state law claims for such conduct.

Moreover, qualified immunity protects the individual officers from suit for detaining Plaintiff pursuant to a facially valid warrant.  "[O]fficers are entitled to qualified immunity even if they acted unconstitutionally, as long as a reasonable officer could have believed the conduct lawful." <u>Alexander v. County of Los Angeles</u>, 64 F.3d 1315, 1322 (9th Cir. 1995). The first inquiry in the qualified immunity defense is whether the facts alleged indicate that the officer's conduct violated a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). If no right would have been violated on the facts alleged, there is no need for further inquiry into immunity. <u>Id</u>. If a constitutional violation can be established, courts next inquire "whether the right was clearly established in the specific context of the case, rather than as a broad general proposition." <u>Id</u>. The dispositive inquiry in determining whether a right is clearly established is "whether it would be clear to a

reasonable officer that his conduct was unlawful in the situation he confronted." Id.

Here, when plaintiff was transported by police officers in connection with a facially valid warrant, a reasonable officer would have believed his conduct lawful, and thus entitled to qualified immunity. Specifically, Officers Muschi and Gutierrez, having allegedly transported plaintiff pursuant to an arrest warrant at paragraph 32 of the complaint, are entitled to qualified immunity and dismissal from this lawsuit.

D. **Private Actions for Damages Are Not Permitted Under the California Constitution, And Thus The Fifth and Sixth Causes of Action Should Be Dismissed.**

In his first amended complaint, plaintiff continues to bring direct causes of action under the California Constitution although such claims are barred as a matter of California law. As his fifth cause of action, plaintiff alleges a violation under Article 1, Section 13 of the California Constitution. As his sixth cause of action, plaintiff alleges a violation of Article 1, Section 7 of the California Constitution.

California courts expressly have rejected damages actions under either of these sections of the California constitution. In Katzberg v. Regents of the University of California, 29 Cal.4th 300 (2002), the California Supreme Court held that a plaintiff cannot bring a damages action under Article I, Section 7 of the California Constitution. In a lengthy decision, the Katzberg court held that the availability of alternative remedies under statute or common law militated against the judicial creation of a tort cause of action under Article I, section 7. Id. at 326-27. See also City of Simi Valley v. Superior Court, 111 Cal. App. 4th 1077, 1085 (2003) (applying Katzberg to bar damages claim under Article I, Section 7). Damages claims under Article I, Section 13 are similarly barred. Rendon v. City of Fresno, 2005 WL 3144144 (E.D. Cal. 2005) (applying Katzberg to bar a claim under Article I, Section 13). The recent case of Weimer v. County of Kern, 2006 WL 3834237, *6-8 (E.D. Cal. 2006) provides a lengthy discussion and case citations, showing again that plaintiff's damages claims under the California Constitution

do not hold water.

E. **Plaintiff's State Law Causes Of Action For False Arrest And Imprisonment, Negligence, and Negligent Infliction of Emotional Distress Fail Against the City.**

Under California law, the Tort Claims Act was designed to make all governmental liability dependent on statute. The City of Oakland can only be held liable for damages on the basis of a specific enactment giving rise to a mandatory duty. Brenneman v. State of California, 208 Cal. App. 3d 812, 816-17 (1989). Under California Government Code Section 815, "Except as otherwise provided by statute, a public entity is not liable …" This provision abolished common law liabilities and requires express citation to statutory liability. See Haggis v. City of Los Angeles, 22 Cal. 4th 983 (2000); Brenneman, 208 Cal. App. 3d at 816-17 (plaintiff must specifically allege the enactment that gives rise to a statutory duty).

Plaintiff fails to mention any statute giving rise to a mandatory duty on the part of the City of Oakland, throughout Counts Two through Four.[3] The motion to dismiss should be granted as to the City on this basis alone.

F. **Plaintiff Makes No Fact Allegations To Support The Claims Broadly Made Against Several Individual Defendants.**

As discussed above, plaintiff names numerous individual police officers but includes no factual allegations tying them to any culpable conduct in the complaint. Those named officers are: Chief Wayne Tucker, Deputy Chief Howard Jordan, Lieutenant Gier, Lieutenant Whitman, and Officer J. Morris. At paragraphs 19 through 24, plaintiff states only that these defendants "personally directed and [took] part in the unlawful practices and policies alleged in this complaint." He seeks punitive damages as to each individual defendant in his prayer for relief. Yet plaintiff provides no factual basis whatsoever for suing these officers ranging from the rank of officer to Chief of Police and, on that ground alone, the complaint as against

---

[3] These claims for False Arrest and Imprisonment (Count Two), Negligence (Count Three), and Negligent Infliction of Emotional Distress (Count Four).

these individuals should be dismissed.

### III. MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(E)]

Under Federal Rule of Civil Procedure 12(e), "if a pleading ... is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement [.]" See generally Wright & Miller, 5C Federal Practice and Procedure 3rd, Sections 1364-75, 1379 (2004).

Despite the benefit of defendants' first motion to dismiss and motion for a more definite statement, plaintiff continues to bring all claims against "All Defendants" for unspecified acts. The only individual officers identified with any conduct in the complaint are Officer Arotzarena (who allegedly wrongfully detained plaintiff and obtained a warrant from a judge without factual basis, at paras. 33-34, 40-40-43), and Officers Muschi and Gutierrez (who transported plaintiff from Fresno to Oakland pursuant to a facially valid warrant, at para. 32). No other defendant is identified with any culpable or specific conduct relating to plaintiff's six causes of action.

Pursuant to Rule 12(e), defendants move for a more definite statement as to the general allegations and several causes of action brought in the First Amended Complaint– a broadside against the City of Oakland, Police Department and eight individual defendants. The complaint provides broad statements that "defendants, and each of them" detained and arrested plaintiff (not factually possible); and, in sum, is too vague and ambiguous as to the allegations against any single defendant, for these defendants to meaningfully respond.

While plaintiff sues the City of Oakland and eight police officers, ranging from a patrol officer to the Chief of Police, none of the causes of action are made out factually against the City or against any identifiable defendant. Because different immunities, and legal standards, apply to the City as a public entity versus the individually named officers, the defendants are entitled to a more definite statement as to who is being sued in each cause of action. See, e.g. Jercich v. County of Merced, 2006 WL 3747184, *7 (E.D. Cal. 2006) (granting Rule 12(e)

motion); <u>Avalos v. Baca</u>, 2006 WL 802330 (C.D. Cal. 2006) (same); <u>Commodity Futures Trading Com'n. v. Beasley</u>, 2005 WL 22172003, *2 (N.D. Cal. 2005).

Equally problematic, the most that plaintiff offers as to several defendants is that he/she "has personally directed and taken part in unlawful practices and policies alleged in this complaint." Amended Complaint, paras. 19-26.  Each of the individual defendants is served in their official <u>and</u> individual capacities.  <u>Id</u>., para. 27.  Yet, in the general allegations of fact spanning pages 5 through 8, plaintiff never mentions any of these officers (except Officer Arotzarena) as having engaged in any culpable conduct.

Defendants move for a more definite statement, as to which claims apply to which of these officers, and the supporting allegations as to those officers to be named. Defendants are unable to effectively respond to the complaint with a more comprehensive motion to dismiss, or to answer the complaint with any efficiency, without a more definite pleading.

### IV.  CONCLUSION

For the foregoing reasons, the first cause of action under Section 1983, the state law causes of action against the City and "all defendants," and the purported claims under the California Constitution are defective as a matter of law.  Further, to the extent that any cause of action survives the motion to dismiss, each of the individual defendants are entitled to a more definite statement as to each of the several named individual defendants in the complaint.

Dated:  August 6, 2007

          JOHN A. RUSSO, City Attorney
          RANDOLPH W. HALL, Assistant City Attorney
          RACHEL WAGNER, Supervising Trial Attorney


By:   S/S
      Attorneys for Defendants
      CITY OF OAKLAND, et al.

**PROOF OF SERVICE**
**Harvey v. City of Oakland**
**Case No. C07-01681 MJJ**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One City Hall Plaza, 6th Floor, Oakland, California 94612. On date shown below, I served the within documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing such envelope to be sent by Federal Express/Express Mail

**Demetrius L. Harvey**
**360 So. Helm Avenue**
**Fresno, CA   93727**
**Telephone:  559-255-1971**

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed on August 7, 2007, at Oakland, California.

S/S _____
Deborah Walther