JOHN A. RUSSO, City Attorney - SB #129729
RANDOLPH W. HALL, Assistant City Attorney - SB #080142
RACHEL WAGNER, Supervising Trial Attorney - SB # 127246
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-4921
Fax:  (510) 238-6500
Email:  rwagner@oaklandcityattorney.org
25404/427832

Attorneys for Defendants
CITY OF OAKLAND, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS L. HARVEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, a municipal Corporation; OAKLAND POLICE DEPARTMENT; WAYNE TUCKER, Chief, Oakland Police Department; DEPUTY CHIEF HOWARD JORDAN, OAKLAND POLICE LIEUTENANT GIER, OAKLAND POLICE LIEUTENANT WHITMAN, OAKLAND POLICE OFFICER DOMINIQUE AROTZARENA, OAKLAND POLICE OFFICER J. MORRIS, , In their official and individual capacities, Does 1 through 30, inclusive.<br><br>Defendants. | CASE NO. C07-01681  MJJ<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants CITY OF OAKLAND (including the Oakland Police Department), CHIEF WAYNE TUCKER, DEPUTY CHIEF HOWARD JORDAN, LIEUTENANT GIER, LIEUTENANT WHITMAN, SERGEANT DOMINIQUE AROTZARENA, and

-1-

OFFICER J. MORRIS (collectively "Defendants"), hereby answer, object and otherwise respond to plaintiff's Second Amended Complaint as follows:

**INTRODUCTION**

1. Answering paragraph 1, Defendants deny each and every allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

2. Answering paragraph 2, Defendants are informed and believe, and on that basis admit, that Officer Castillo performed a vehicle stop involving plaintiff Harvey in late December 2005. Except as so admitted, Defendants deny each and every remaining allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

3. Answering paragraph 3, Defendants deny each and every allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

4. Answering paragraph 4, Defendants admit that on December 30, 2005, Oakland Police Officers Muschi and Gutierrez transported plaintiff to Oakland, and that plaintiff was escorted to an interview room by the officers. Except as so admitted, Defendants deny each and every remaining allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

5. Answering paragraph 5, Defendants deny that plaintiff was informed that he was charged with any crime at that time. Except as so denied, Defendants admit the

remaining allegations of said paragraph.

6. Answering paragraph 6, Defendants deny each and every allegation of said paragraph.

7. Answering paragraph 7, Defendants admit that plaintiff was fingerprinted, photographed and placed in custody in North County Jail and later in Santa Rita jail in Dublin, California. Except as so admitted, Defendants deny the remaining allegations of said paragraph.

8. Answering paragraph 8, Defendants deny each and every allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

9. Answering paragraph 9, Defendants deny each and every allegation of said paragraph.

10. Answering paragraph 10, Defendant City of Oakland admits that the City of Oakland closed its jail in 2005. Except as so admitted, Defendants respond that these are conclusory legal allegations rather than allegations of fact, to which Defendants need not respond.

11. Answering paragraph 11, Defendants deny each and every allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

12. Answering paragraph 12, Defendants admit that the charges against plaintiff were dismissed before Judge Morris Beatus. Except as so admitted, Defendants deny each and every remaining allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

13. Answering paragraph 13, Defendants respond that these are conclusory legal allegations and allegations concerning plaintiff's state of mind, rather than allegations of fact, to which Defendants need not respond.

14. Answering paragraph 14, Defendant admits that plaintiff alleges his civil rights were violated. Except as so admitted, Defendants deny each and every remaining allegation of said paragraph.

## JURISDICTION AND VENUE

15. Answering paragraph 15, Defendants admit that this Court had jurisdiction and venue over this action.

## PARTIES

16. Answering paragraph 16, Defendants admit the allegations of said paragraph.

17. Answering paragraph 17, Defendants admit the allegations of said paragraph.

18. Answering paragraph 18, Defendants admit the allegations of said paragraph.

19. Answering paragraph 19, Defendants admit the allegations of said paragraph.

20. Answering paragraph 20, Defendants admit that Howard Jordan is a Deputy Chief of the Oakland Police Department. Except as so admitted, Defendants deny the allegations of said paragraph.

21. Answering paragraph 21, Defendants admit that Lieutenant Gier is a

Case 4:07-cv-01681-SBA   Document 44   Filed 12/31/2007   Page 5 of 16

lieutenant of the Oakland Police Department. Except as so admitted, Defendants deny the allegations of said paragraph.

22. Answering paragraph 22, Defendants admit that Lieutenant Whitman is a lieutenant of the Oakland Police Department. Except as so admitted, Defendants deny the allegations of said paragraph.

23. Answering paragraph 23, Defendants admit that Dominique Arotzarena is a sergeant of the Oakland Police Department. Except as so admitted, Defendants deny the allegations of said paragraph.

24. Answering paragraph 24, Defendants admit that J. Morris is an officer of the Oakland Police Department. Except as so admitted, Defendants deny the allegations of said paragraph.

25. Answering paragraph 25, Defendants admit only that on the face of the complaint plaintiff purports to sue each of the individual defendants in their individual and official capacities.

26. Answering paragraph 26, Defendants admit only that plaintiff makes "Doe" allegations in said paragraph.

27. Answering paragraph 27, Defendants respond that these are conclusory legal allegations and allegations concerning plaintiff's state of mind, rather than allegations of fact, to which Defendants need not respond.

## **GENERAL ALLEGATIONS**

28. Answering paragraph 28, Defendants are informed and believe, and on that basis admit, that Officer Castillo performed a vehicle stop involving plaintiff Harvey in late

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**                               C07-01681

December 2005.  Except as so admitted, Defendants deny each and every remaining allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

29.  Answering paragraph 29, , Defendants deny each and every allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

30.  Answering paragraph 30, Defendants admit that on December 30, 2005, Oakland Police Officers Muschi and Gutierrez transported plaintiff to Oakland, and that plaintiff was escorted to an interview room by the officers.  Except as so admitted, Defendants deny each and every remaining allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

31.  Answering paragraph 31, Defendants deny that plaintiff was informed that he was charged with any crime at that time.  Except as so denied, Defendants admit the remaining allegations of said paragraph.

32.  Answering paragraph 32, Defendants admit that Sergeant Arotzarena played a videotape for plaintiff , but deny such videotape was played after plaintiff refused to answer questions.  Otherwise, Defendants deny each and every allegation of said paragraph.

33.  Answering paragraph 33, Defendants admit that plaintiff was fingerprinted, photographed and placed in custody in North County Jail and later  placed in custody in Santa Rita jail in Dublin, California.  Except as so admitted, Defendants deny the remaining allegations of said paragraph.

34. Answering paragraph 34, Defendants deny each and every allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

35 Answering paragraph 35, Defendants deny each and every allegation of said paragraph.

36. Answering paragraph 36, Defendant City of Oakland admits that the City of Oakland closed its jail in 2005. Except as so admitted, Defendants respond that these are conclusory legal allegations rather than allegations of fact.

37. Answering paragraph 37, Defendants deny each and every allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

38. Answering paragraph 38, Defendants admit the allegations contained within the first two sentences of said paragraph. Defendants further admit that plaintiff was identified as an individual on the video tape, that Confidential Informant # 21 said that he knew Plaintiff as "Asad Bey" from the Bey organization, and that CI # 21 described plaintiff's features. Except as so admitted, Defendants deny each and every remaining allegation of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.

38. Answering paragraph 39, Defendants deny the allegations of said paragraph.

40. Answering paragraph 40, Defendants admit the allegations of said paragraph.

41. Answering paragraph 41, Defendants admit the allegations contained within the second sentence of said paragraph. Defendants deny plaintiff's whereabouts as

-7-

alleged in the last sentence of said paragraph for lack of sufficient knowledge or information upon which to form a belief as to the truth of the matters stated therein.  As to the remaining allegations of paragraph 41, Defendants deny each and every allegation of said paragraph.

42. Answering paragraph 42,  Defendants are informed and believe, and on that basis admit the allegations of said paragraph.

43. Answering paragraph 43, Defendants deny the allegations of said paragraph.

44. Answering paragraph 44, Defendants admit that Deputy Chief Jordan participated in a press conference and that information was released to the press.  Except as so admitted, Defendants deny the allegations of said paragraph.

45. Answering paragraph 45, Defendants respond that the allegations concern plaintiff's state of mind or conclusory legal allegations, rather than allegations of fact.  To the extent any factual allegations are contained in said paragraph, Defendants deny such allegations.

46. Answering paragraph 46, Defendants deny each and every allegation of said paragraph.

47. Answering paragraph 47, Defendants deny each and every allegation of said paragraph.

48. Answering paragraph 48, Defendants deny each and every allegation of said paragraph.

49. Answering paragraph 49, Defendants deny each and every allegation of said paragraph.

50. Answering paragraph 50, Defendants deny each and every allegation of said paragraph.

51. Answering paragraph 51, Defendants are informed and believe and on that basis admit that each named officer acted within the course and cope of their employment, and under color of law and their authority, as to the detention and arrest of plaintiff.

52. Answering paragraph 52, Defendants deny each and every allegation of said paragraph.

53. Answering paragraph 53, Defendants admit the allegations of said paragraph.

## FIRST CAUSE OF ACTION

54. Answering paragraph 54, Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 53, above.

55. Answering paragraph 55, Defendants deny each and every allegation of said paragraph.

56. Answering paragraph 56, Defendants deny each and every allegation of said paragraph.

57. Answering paragraph 57, Defendants deny each and every allegation of said paragraph.

58. Answering paragraph 58, Defendants deny each and every allegation of said paragraph.

59. Answering paragraph 59, Defendants deny each and every allegation of said paragraph.

## SECOND CAUSE OF ACTION

60. Answering paragraph 60, Defendants incorporate by this reference their

responses to the allegations contained in paragraphs 1 through 59, above.

61. Answering paragraph 61, Defendants deny each and every allegation of said paragraph.

62. Answering paragraph 62, Defendants deny each and every allegation of said paragraph.

63. Answering paragraph 63, Defendants deny each and every allegation of said paragraph.

64. Answering paragraph 64, Defendants deny each and every allegation of said paragraph.

65. Answering paragraph 65, Defendants deny each and every allegation of said paragraph.

66. Answering paragraph 66, Defendants deny each and every allegation of said paragraph.

67. Answering paragraph 67, Defendants deny each and every allegation of said paragraph.

## THIRD CAUSE OF ACTION

68. Answering paragraph 68, Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 67, above.

69. Answering paragraph 69, Defendants deny each and every allegation of said paragraph.

70. Answering paragraph 70, Defendants deny each and every allegation of said

paragraph.

71. Answering paragraph 71, Defendants deny each and every allegation of said paragraph.

72. Answering paragraph 72, Defendants deny each and every allegation of said paragraph.

73. Answering paragraph 73, Defendants deny each and every allegation of said paragraph.

74. Answering paragraph 74, Defendants deny each and every allegation of said paragraph.

75. Answering paragraph 75, Defendants deny each and every allegation of said paragraph.

**FOURTH CAUSE OF ACTION**

76. Answering paragraph 76, Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 75, above.

77. Answering paragraph 77, this allegation appears to constitute a legal contention to which Defendants are not obligated to respond.

78. Answering paragraph 78, Defendants deny each and every allegation of said paragraph.

79. Answering paragraph 79, Defendants do not understand the meaning of this vague and ambiguous allegation and accordingly, can neither admit nor deny it.

80. Answering paragraph 80, Defendants deny each and every allegation of said paragraph.

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**          C07-01681

81. Answering paragraph 81, Defendants deny each and every allegation of said paragraph.

82. Answering paragraph 82, Defendants deny each and every allegation of said paragraph.

83. Answering paragraph 83, Defendants deny each and every allegation of said paragraph.

84. Answering paragraph 84, Defendants deny each and every allegation of said paragraph.

## FIFTH CAUSE OF ACTION

Defendants note that the Court's Order Granting In Part And Denying In Part Defendant's Motion to Dismiss ("Order"), dated October 15, 2007, held that plaintiff's fifth cause of action is not cognizable under California law to the extent that plaintiff seeks monetary damages. Order, pp. 9-11.

85. Answering paragraph 85, Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 84, above.

86. Answering paragraph 86, Defendants deny each and every allegation of said paragraph.

///

## SIXTH CAUSE OF ACTION

Defendants note that the Court's Order, dated October 15, 2007, held that plaintiff's sixth cause of action is not cognizable under California law to the extent that plaintiff seeks monetary damages. Order, pp. 9-11.

87. Answering paragraph 87, Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 86, above.

88. Answering paragraph 88, Defendants deny each and every allegation of said paragraph.

## SEVENTH CAUSE OF ACTION

89. Answering paragraph 89, Defendants incorporate by this reference their responses to the allegations contained in paragraphs 1 through 88, above.

90. Answering paragraph 90, Defendants deny each and every allegation of said paragraph.

91. Answering paragraph 91, Defendants deny each and every allegation of said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The injuries and damages plaintiff complains of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of these answering defendants.

### THIRD AFFIRMATIVE DEFENSE

The actions by the police officers in connection with the events alleged in the complaint were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**                    C07-01681

### FOURTH AFFIRMATIVE DEFENSE

The actions of the police officers in connection with the events alleged in the complaint were privileged under applicable statutes and case law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative link between defendant City of Oakland, its Chief of Police and policymakers, and the acts which allegedly violated plaintiff's rights.

### SIXTH AFFIRMATIVE DEFENSE

The police officers identified in the complaint are entitled to qualified immunity for their actions in connection with the events alleged in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not sufficiently alleged a 42 U.S.C. § 1983 cause of action against defendant City of Oakland under *Monell*.

### EIGHTH AFFIRMATIVE DEFENSE

The police officers identified in the complaint are immune from liability by operation of California Penal Code Sections 830.1, 833.5, 834(a), 835, 835(a) and 836 and by virtue of the holding in *Evans v. City of Bakersfield* (1994) 22 Cal.App.4th 321.

### NINTH AFFIRMATIVE DEFENSE

To the extent Defendants are alleged to have caused the injuries or damages averred in the complaint, such liability being denied by these Defendants, these Defendants' acts

and/or omissions were reasonable and privileged.

## TENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff alleges state claims, some or all of these claims are barred pursuant to California Government Code §§ 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.6, 855.8, 856 and 856.4.  Said sections are pleaded as though fully set forth herein.

**WHEREFORE**, Defendants and each of them pray that:

1. Plaintiff takes nothing by his complaint on file herein;
2. Defendants and each of them have judgment against Plaintiff;
3. Defendants be awarded the costs of suit incurred herein;
4. For such other relief as the Court deems just and proper.

Dated:    December      2007

                                JOHN A. RUSSO, City Attorney
                                RANDOLPH W. HALL, Assistant City Attorney
                                RACHEL WAGNER, Supervising, Deputy City Attorney

                                By:_____/s/_____
                                    Rachel Wagner
                                    Attorneys for Defendants
                                    CITY OF OAKLAND, ET AL.

**PROOF OF SERVICE**
**Harvey vs. City of Oakland**
**Case No. C07-01681 MJJ**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is City Hall, One City Hall Plaza, 6th Floor, Oakland, California  94612.  On date shown below, I served the within documents:

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

| | | |
|---|---|---|
| | ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m. |
| | ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth. |
| | ☐ | by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below. |
| | ☐ | by causing such envelope to be sent by Federal Express/Express Mail |

**Demetrius L. Harvey**
**360 So. Helm Avenue**
**Fresno, CA  93727**
**Telephone:  559-255-1971**

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed on December 31, 2007, at Oakland, California.

                                                        /s/
                                                  Audrey Hall

-16-
**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**                    C07-01681