1  JOHN A. RUSSO, City Attorney - SB #129729
   RANDOLPH W. HALL, Assistant City Attorney - SB #080142
2  RACHEL WAGNER, Supervising Trial Attorney - SB # 127246
   One Frank H. Ogawa Plaza, 6th Floor
3  Oakland, California  94612
   Telephone:  (510) 238-4921
4  Fax:  (510) 238-6500
   Email:  rwagner@oaklandcityattorney.org
5  25404/427963

6  Attorneys for Defendants
   CITY OF OAKLAND, et al.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  DEMETRIUS L. HARVEY,                    CASE NO. C07-01681

12            Plaintiff,                    **DEFENDANT'S INITIAL CASE
                                            MANAGEMENT CONFERENCE
                                            STATEMENT**
        v.
13                                          [LOCAL RULE 16-9]
14  CITY OF OAKLAND, a municipal
    Corporation; OAKLAND POLICE            Date:   January 8, 2008
15  DEPARTMENT; WAYNE TUCKER, Chief,        Time:  2:00 p.m.
    Oakland Police Department; DEPUTY       Dept:   Courtroom 11, 19th floor
    CHIEF HOWARD JORDAN,
16  OAKLAND POLICE LIEUTENANT GIER,         The Honorable Martin J. Jenkins
    OAKLAND POLICE LIEUTENANT
17  WHITMAN, OAKLAND POLICE OFFICER
    DOMINIQUE AROTZARENA,
18  OAKLAND POLICE OFFICER J. MORRIS,
    OAKLAND POLICE OFFICER MUSCHI,
19  OAKLAND POLICE OFFICER GUTIERREZ,
    In their official and individual capacities,
20  Does 1 through 50, inclusive.

21            Defendants.

22

23

24       Plaintiff previously submitted a separate initial case management conference

25  statement.  Accordingly, Defendants submit their own initial case management

26  conference below.  Defendants apologize for the tardiness of this statement; the

1  continuance of the initial date to January 8, 2008 did not appear on defense counsel's

2  desk calendar for 2008. Defendants were preparing and did file an answer to the second

3  amended complaint on December 31, 2007.

4      1.    <u>Jurisdiction and Service</u>:

5      Defendant City of Oakland and the individual police officer defendants (ranging

6  from officer to Chief of Police), collectively "Defendants," agree that this Court has

7  jurisdiction and that venue is appropriate in this matter.

8      The City Attorney's Office was served with a second amended complaint and timely

9  responded on December 31, 2007.  The City responded on behalf of all defendants.

10      2.    <u>Facts</u>:

11      <u>Defendant's Version</u>:

12      In the night of November 23, 2005, violent crimes and destruction were perpetrated

13  by a group of armed men at the San Pablo Liquor Market and New York Market stores,

14  each located in Oakland.  A videotape captured portions of the crimes at the San Pablo

15  Liquor Market.

16      Probable cause existed for the warrant regarding Demetrius Harvey, a warrant

17  issued by Judge Tabor of Alameda County Superior Court.  Based on the positive

18  identification of Harvey, also then known as "Asad Bey" of the Bey organization, by a

19  confidential informant who viewed the videotape, the warrant for plaintiff Harvey issued in

20  late November 2005.

21      In late December 2005, Harvey was detained pursuant to a traffic stop in another

22  county.  He was brought to Oakland, pursuant to the warrant, on December 30, 2005.

23      Probable cause existed to arrest and jail Mr. Harvey as a suspect in the crimes.

24  Before interviewing Mr. Harvey, investigating sergeant/defendant Arotzarena called in

25  additional witnesses.  Two additional witnesses also identified Mr. Harvey from a photo

26  line-up as having committed the crimes.

1    On December 30, 2005, Sergeant Arotzarena and another officer interviewed Mr.

2  Harvey.  Mr. Harvey refused to cooperate, refused to answer questions, and was

3  arrested.  Mr. Harvey was booked and charged with crimes that occurred at the San

4  Pablo Liquor Market.

5    Plaintiff alleges that he was released from jail (on bail) on January 8, 2006.

6  Months later, in approximately March 2006, the charges were dismissed against Harvey.

7  Charges are being prosecuted against other suspects in a criminal case pending in

8  Alameda County Superior Court.

9    3.    Legal Issues:

10    a)    Whether plaintiff can show that any constitutional right was violated

11          in the warrant or detention.

12    b)    Whether plaintiff can show the required elements of a Monell claim

13          based on this single incident, apparently the basis for suing the City

14          of Oakland, two lieutenants, a Deputy Chief and the Chief of Police.

15    c)    Whether the police officers are entitled to qualified immunity for the

16          federal claims.

17    d)    Whether plaintiff can show the required elements of his pendent state

18          law claims of false arrest and imprisonment, and negligence.

19    e)    Whether the police officers are entitled to immunity under California

20          law for the state law claims.

21    4.    Motions:

22    Because there is an ongoing criminal prosecution in Alameda County Superior

23  Court concerning the crimes at both liquor stores, defendants anticipate that there will be

24  discovery issues regarding the privileged and confidential nature of certain records

25  regarding the overall investigation and prosecution of these crimes.  These anticipated

26  discovery issues may result in a motion to compel or motion for protective order before

1  the Court.

2      Defendants further anticipate a motion for summary judgment or, in the alternative,

3  a motion for summary adjudication, after initial discovery is completed.  The motion will be

4  based on the existence of probable cause for the warrant and detention of Mr. Harvey, the

5  qualified immunity to which the police officers are entitled, and the anticipated absence of

6  evidence to support a Monell claim.

7      5.    Amendment of Pleadings:

8      Plaintiff has filed two amended complaints.  Defendants have answered the second

9  amended complaint with the intention of filing a dispositive motion.

10     6.    Evidence Preservation:

11     All evidence regarding this case has been and will be preserved.

12     7.    Disclosures:

13     Having just received and responded to the second amended complaint,

14  Defendants are preparing their Rule 26 Disclosures.  These disclosures will be served

15  within thirty days.

16     8.    Discovery:

17     Plaintiff has propounded a set of documents requests and demand for inspection,

18  received on January 3, 2008, to which responses are due by January 31, 2008.

19     Defendants anticipate propounding written discovery and taking the deposition of

20  plaintiff in February and March 2008.

21     9.    Class Actions:

22     Not applicable.

23     10.    Related Cases:

24     Not applicable.

25     11.    Relief:

26     Plaintiff seeks monetary and other damages, as pleaded in his second amended

1  complaint.

2        12.    <u>Settlement and ADR</u>:

3        This case is not suitable for alternative dispute resolution.  Defendants contend

4  that there are immunities and failures in these claims as a matter of law, and intend to

5  bring a dispositive motion.  ADR or a settlement conference would be appropriate only

6  after hearing and ruling on the dispositive motion.

7        13.    <u>Consent to Magistrate Judge for All Purposes</u>:

8        Defendants do not consent to assignment of this case to a magistrate judge for all

9  purposes.

10        14.    <u>Other References</u>:

11        Not Applicable.

12        15.    <u>Narrowing of Issues</u>:

13        Not Applicable.

14        16.    <u>Expedited Schedule</u>:

15        Not Applicable.

16        17.    <u>Scheduling</u>:

17        Defendants ask that sufficient time be allowed for discovery by both sides and a

18  dispositive motion, and in light of the *pro per* status of plaintiff in regards to both discovery

19  and motion practice.

20        Defendants request a trial date in July, late September or October 2008.  (Defense

21  counsel is unavailable during most of August 2008).

22        18.    <u>Trial</u>:

23        Defendants anticipate a week for trial of this matter.  Plaintiff demanded a jury trial

24  in his second amended complaint.

25        19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>:

26        None known at this time.

1    20.    <u>Other matters</u>:

2        None at this time.

3  Dated:   January 3, 2008

4

5                                      JOHN A. RUSSO, City Attorney
                                       RANDOLPH W. HALL, Assistant City Attorney
6                                      RACHEL WAGNER, Supervising Trial Attorney

7

8                                      _____s/s_____
                                       Attorneys for Defendants
9                                      CITY OF OAKLAND, et al.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S INITIAL CASE MANAGEMENT CONFERENCE STATEMENT                    C07-01681

**PROOF OF SERVICE**
**Harvey vs. City of Oakland**
**Case No. C07-01681 MJJ**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One City Hall Plaza, 6th Floor, Oakland, California 94612. On date shown below, I served the within documents:

**DEFENDANT'S INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by causing such envelope to be sent by Federal Express/Express Mail

**Demetrius L. Harvey**
**360 So. Helm Avenue**
**Fresno, CA 93727**
**Telephone: 559-255-1971**

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed on January 3, 2008, at Oakland, California.

s/s _____
Deborah Walther