JOHN A. RUSSO, City Attorney - SB #129729
RANDOLPH W. HALL, Assistant City Attorney - SB #080142
RACHEL WAGNER, Supervising Trial Attorney - SB # 127246
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-4921
Fax:  (510) 238-6500
Email:  rwagner@oaklandcityattorney.org
25404/442498

Attorneys for Defendant
CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS L. HARVEY,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF OAKLAND, a municipal Corporation; OAKLAND POLICE DEPARTMENT; WAYNE TUCKER, Chief, Oakland Police Department; DEPUTY CHIEF HOWARD JORDAN, OAKLAND POLICE LIEUTENANT GIER, OAKLAND POLICE LIEUTENANT WHITMAN, OAKLAND POLICE OFFICER DOMINIQUE AROTZARENA, OAKLAND POLICE OFFICER J. MORRIS, OAKLAND POLICE OFFICER MUSCHI, OAKLAND POLICE OFFICER GUTIERREZ, In their official and individual capacities, Does 1 through 50, inclusive.<br><br>        Defendants. | CASE NO. C07-01681SBA<br><br>**DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>[LOCAL RULE 16-9]<br><br>Date:   April 2, 2008<br>Time:  2:30 p.m.<br>Dept:   Courtroom 3, 3rd Floor<br><br>Honorable Saundra Brown Armstrong |

   Defendant City of Oakland filed the following initial case management conference statement before the Honorable Martin Jenkins on January 3, 2008.  The case management conference was subsequently vacated due to the reassignment of this case.

Plaintiff previously submitted a separate initial case management conference statement as well as defendant.

1.   Jurisdiction and Service:

Defendant City of Oakland and the individual police officer defendants (ranging from officer to Chief of Police), collectively "Defendants," agree that this Court has jurisdiction and that venue is appropriate in this matter.

The City Attorney's Office was served with a second amended complaint and timely responded on December 31, 2007. The City responded on behalf of all defendants.

2.   Facts:

Defendant's Version:

In the night of November 23, 2005, violent crimes and destruction were perpetrated by a group of armed men at the San Pablo Liquor Market and New York Market stores, each located in Oakland. A videotape captured portions of the crimes at the San Pablo Liquor Market.

Probable cause existed for the warrant regarding Demetrius Harvey, a warrant issued by Judge Tabor of Alameda County Superior Court. Based on the positive identification of Harvey, also then known as "Asad Bey" of the Bey organization, by a confidential informant who viewed the videotape, the warrant for plaintiff Harvey issued in late November 2005.

In late December 2005, Harvey was detained pursuant to a traffic stop in another county. He was brought to Oakland, pursuant to the warrant, on December 30, 2005.

Probable cause existed to arrest and jail Mr. Harvey as a suspect in the crimes. Before interviewing Mr. Harvey, investigating sergeant/defendant Arotzarena called in additional witnesses. Two additional witnesses also identified Mr. Harvey from a photo line-up as having committed the crimes.

On December 30, 2005, Sergeant Arotzarena and another officer interviewed Mr.

Harvey. Mr. Harvey refused to cooperate, refused to answer questions, and was arrested. Mr. Harvey was booked and charged with crimes that occurred at the San Pablo Liquor Market.

Plaintiff alleges that he was released from jail (on bail) on January 8, 2006. Months later, in approximately March 2006, the charges were dismissed against Harvey. Charges are being prosecuted against other suspects in a criminal case pending in Alameda County Superior Court.

3. <u>Legal Issues</u>:

a) Whether plaintiff can show that any constitutional right was violated in the warrant or detention.

b) Whether plaintiff can show the required elements of a <u>Monell</u> claim based on this single incident, apparently the basis for suing the City of Oakland, two lieutenants, a Deputy Chief and the Chief of Police.

c) Whether the police officers are entitled to qualified immunity for the federal claims.

d) Whether plaintiff can show the required elements of his pendent state law claims of false arrest and imprisonment, and negligence.

e) Whether the police officers are entitled to immunity under California law for the state law claims.

4. <u>Motions</u>:

Because there is an ongoing criminal prosecution in Alameda County Superior Court concerning the crimes at both liquor stores, defendants anticipate that there will be discovery issues regarding the privileged and confidential nature of certain records regarding the overall investigation and prosecution of these crimes. These anticipated discovery issues may result in a motion to compel or motion for protective order before the Court.

1  Defendants further anticipate a motion for summary judgment or, in the alternative,
2 a motion for summary adjudication, after initial discovery is completed. The motion will be
3 based on the existence of probable cause for the warrant and detention of Mr. Harvey, the
4 qualified immunity to which the police officers are entitled, and the anticipated absence of
5 evidence to support a Monell claim.

6  5. Amendment of Pleadings:

7  Plaintiff has filed two amended complaints. Defendants have answered the second
8 amended complaint with the intention of filing a dispositive motion.

9  6. Evidence Preservation:

10  All evidence regarding this case has been and will be preserved.

11  7. Disclosures:

12  Having received and responded to the second amended complaint, Defendants are
13 preparing their Rule 26 Disclosures. These disclosures will be served within thirty days.

14  8. Discovery:

15  Plaintiff has propounded a set of documents requests and demand for inspection,
16 received on January 3, 2008, to which responses are due by January 31, 2008.

17  Defendants anticipate propounding written discovery and taking the deposition of
18 plaintiff in May and June 2008.

19  9. Class Actions:

20  Not applicable.

21  10. Related Cases:

22  Not applicable.

23  11. Relief:

24  Plaintiff seeks monetary and other damages, as pleaded in his second amended
25 complaint.

26  12. Settlement and ADR:

This case is not suitable for alternative dispute resolution. Defendants contend that there are immunities and failures in these claims as a matter of law, and intend to bring a dispositive motion. ADR or a settlement conference would be appropriate only after hearing and ruling on the dispositive motion.

13. Consent to Magistrate Judge for All Purposes:

Defendants do not consent to assignment of this case to a magistrate judge for all purposes.

14. Other References:

Not Applicable.

15. Narrowing of Issues:

Not Applicable.

16. Expedited Schedule:

Not Applicable.

17. Scheduling:

Defendants ask that sufficient time be allowed for discovery by both sides and a dispositive motion, and in light of the *pro per* status of plaintiff in regards to both discovery and motion practice.

Defendants request a trial date in late 2008. (Defense counsel is unavailable during most of August 2008 and the beginning of November, 2008).

18. Trial:

Defendants anticipate a week for trial of this matter. Plaintiff demanded a jury trial in his second amended complaint.

19. Disclosure of Non-Party Interested Entities or Persons:

None known at this time.

20. Other matters:

None at this time.

1  Dated:   March 19, 2008

2

3                                JOHN A. RUSSO, City Attorney
                                 RANDOLPH W. HALL, Assistant City Attorney
4                                RACHEL WAGNER, Supervising Trial Attorney

5
                                 _____s/s_____
6                                Attorneys for Defendants
                                 CITY OF OAKLAND, et al.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT                C07-01681 SBA

**PROOF OF SERVICE**
**Harvey vs. City of Oakland**
**Case No. C07-01681 SBA**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One City Hall Plaza, 6th Floor, Oakland, California 94612. On date shown below, I served the within documents:

**DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing such envelope to be sent by Federal Express/Express Mail

**Demetrius L. Harvey**
**360 So. Helm Avenue**
**Fresno, CA  93727**
**Telephone:  559-255-1971**

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed on March 19, 2008, at Oakland, California.

s/s _____
Deborah Walther