1 | DEMETRIUS L. HARVEY
IN PRO PER
2 | 360 SO. HELM AVENUE
FRESNO, CA 93727
3 | TELEPHONE: 559-255-1971





UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS L. HARVEY ) | CASE NO. C07 - 01681 SBA |
| Plaintiff ) | |
| ) | PLAINTIFF'S INITIAL CASE |
| v. ) | MANAGEMENT CONFERENCE |
| ) | STATEMENT |
| CITY OF OAKLAND, a municipal ) | |
| corporation; OAKLAND POLICE ) | LOCAL RULE 16-9 |
| DEPARTMENT; WAYNE TUCKER, ) | |
| Chief, Oakland Police Department ) | Date: April 2, 2008 |
| DEPUTY CHIEF HOWARD JORDAN ) | Time: 2:30 p.m. |
| OAKLAND POLICE LIEUTENANT ) | Dept: Courtroom 3, 3rd Floor |
| GIER, OAKLAND POLICE ) | |
| LIEUTENANT WHITMAN, ) | |
| OAKLAND POLICE OFFICER ) | The Honorable Sandra Brown Armstrong |
| DOMINIQUE AROTZARENA, ) | |
| OAKLAND POLICE OFFICER J. ) | |
| MORRIS, OAKLAND POLICE ) | |
| OFFICER MUSCHI, OAKLAND ) | |
| POLICE OFFICER GUTIERREZ, ) | |
| in their official and individual capacities, ) | |
| DOES 1 through 50, inclusive. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff filed the following initial case management conference statement before the Honorable Judge Martin Jenkins on November 5, 2007. This was vacated due to the reassignment of this case. Defendants have filed their separate initial case management conference statement.

1. **Jurisdiction and Service**:

This action is under U.S.C. 42 Section 1983. Jurisdiction is based on under 28 U.S.C. Section 1391 (b) and the court has supplemental jurisdiction over state law claims under 28 U.S.C. Section 1367. All defendants have not been served and none of the named defendants have answered. According to Plaintiff's records, Defendant Dominique Arotzarena and Defendant Officer Gutierrez were not served.

2. **Facts:**

**Plaintiff's Version:**

On December 27, 2005, at approximately 11:30 p.m. police officers from the Fresno Police Department did a vehicle stop on Freeway 180 for speeding and no license plate. Officer Erik Castillo demanded that the driver show his driver's and car registration. The driver was never ticketed for any violation. Plaintiff was a passenger and Officer Castillo demanded his identification. Officer Castillo checked Plaintiff's identification and told him he was under arrest due to an arrest warrant in Alameda County. Plaintiff told the officers that they were arresting the wrong person.

Officer Castillo handcuffed Plaintiff behind his back and hauled him back to the Fresno County Jail. Plaintiff was detained against his will and again told the officers that they had arrested the wrong person. Officers told Plaintiff they were detaining him until the Oakland Police transport him back to Oakland on robbery charges.

On December 30, 2005 at approximately 10:00 a.m. Plaintiff was placed into custody of Oakland police officers, Muschi and Gutierrez, was transported back to

Oakland. Plaintiff told Oakland officers they had arrested the wrong person. Both officers ignored him and would not listen. Plaintiff was escorted to an interview room by the officers.

Different officers came into the room and Officer Arotzarena told Plaintiff that he was charged with crimes he had committed at liquor stores. Oakland police investigators identified Plaintiff as one of the suspects and that he was caught on video tape. Plaintiff repeatedly told Officer Arotzarena and Doe Defendant, they had arrested the wrong person. Plaintiff did not waive his constitutional rights and refused to answer questions.

After refusing to answer questions, Officer Arotzarena played the entire video tape of the alleged suspect who went behind the counter near the victims. At that point, Officer Arotzarena and Doe Defendant knew or should have known that the plaintiff was not in the video and should have released him. Plaintiff demanded his release and was denied. Officer Arotzarena told Plaintiff's father, Richard Harvey by phone that "your son was not in the video, but because he would not answer any questions, we're going to hold him anyway." This is a clear violation of Plaintiff's constitutional and civil rights.

The officers still charged, booked, finger-printed, photographed and placed plaintiff in custody for crimes someone else committed on November 23, 2005. Plaintiff was jailed in North County Jail and later transported to Santa Rita jail in Dublin, California. In both places, he was detained against his will.

In all three jails, plaintiff was subjected to degrading and humiliating visual body cavity strip searches.

Plaintiff was finally released from Santa Rita jail after being bailed out on approximately January 8, 2006, more than ten days in custody after being arrested in Fresno.

On March 23, 2006, all charges were dismissed against Plaintiff before the Honorable Judge Morris Beatus.

### 3. Legal Issues that are in dispute:

 a. Whether the actions of the Defendants constituted a violation of plaintiff's constitutional rights pursuant to 42 U.S.C. section 1983;

b. Whether Plaintiff can establish a <u>Monell</u> claim, including:

    1). whether the Defendants policies, practices, and customs were unconstitutional,
    2). whether the Defendants training, supervision and discipline of the officers were constitutionally deficient.

c. Whether the defense of qualified immunity applies;

d. Whether the Defendant City of Oakland have respondeat superior for unconstitutional actions/conduct by their law enforcement officers.

e. Whether the officer(s) are liable for punitive damages.

Plaintiff's causes of actions include violation of 42 U.S.C. Section 1983 against Defendants for violation of his rights, as guaranteed by the fourth, fifth, and fourteenth amendments by the US Constitution and for <u>Monell</u> violations. Plaintiff also alleges state law causes of action, including false arrest, false imprisonment, negligence, negligent infliction of emotional distress, and violation of the California Constitution, Article 1, sections 13 and 7(A).

### 4. Motions:

There are motions pending before the court by Defendants. Plaintiff anticipates motions to be filed on his behalf during litigation.

### 5. Amendment of Pleadings:

Plaintiff may need to amend the Complaint to name others and Oakland Police Officers who were in violation of the Plaintiff's Constitutional rights depending on the defendants' initial disclosures and discovery.

### 6. Evidence Preservation:

Plaintiff has retained evidence known to him and no evidence will be destroyed or lost during this litigation.

### 7. Disclosures:

Plaintiff will prepare and exchange his initial disclosure statements pursuant to the Federal Rules of Civil Procedure.

### 8. Discovery:

Plaintiff anticipates discovery pursuant to the Local and Federal Rules. Plaintiff also

anticipates written discovery after Defendants' initial disclosures, which will include Requests for Admissions, Requests for Production of Documents, Special Interrogatories, and Depositions.

9. **Class Action:** No

10. **Related Cases:**

As of this date, Plaintiff has no knowledge of any related cases in this matter.

11. **Relief:**

Plaintiff seeks General and Special Damages in amounts proven at trial; punitive and exemplary damages against officers, in amounts proven at trail; and costs and attorney's fees. Public apology from all Defendants and for such other and further relief as the Court may deem just and proper.

12. **Settlement and ADR**: Plaintiff anticipates that he will be able to discuss settlement after discovery and depositions have been conducted of the Defendants.

13. **Consent to Magistrate Judge for all purposes:** Plaintiff does not consent to Magistrate Judge for all purposes.

14. **Other reference:** This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:** Not at this time.

16. **Expedited Schedule:** Not at this time.

17. **Scheduling:** Plaintiff requests a trial date in September 2008 or October 2008.

18. **Trial:** Plaintiff have demanded a jury trial, 3-5 days for the trial.

19. **Disclosure of Non-Party Interested Entities or Persons:** To be determined predicated on discovery. Plaintiff will file a separate disclosure if needed under Local Rules.

20. **Other matters:** None at this time.

Dated: March 21, 2008                        /s/
                                    _____
                                    Demetrius L. Harvey, Pro Per

# CERTIFICATE OF SERVICE

Demetrius L. Harvey )
)
) CASE NO. **C07- 01681 SBA**
)
Plaintiff, )
)
vs. )
City of Oakland, et al )
)
)
Defendants. )

I, the undersigned, hereby certify that I am over eighteen years of age and not a party to the above-entitled action.

That on March 21, 2008, I served a true and correct copy of the attached: **PLAINTIFF'S INITIAL CASE MANAGEMENT CONFERENCE STATEMENT** by placing such paper(s) in a postage paid envelope to the person listed below, by depositing said envelope in the U.S. Mail.

**Rachel Wagner**
**ONE FRANK H. OGAWA PLAZA, 6TH FLOOR**
**OAKLAND, CALIFORNIA 94612**

*(signature)*
Chinyere Snowden
360 S. Helm Ave.
Fresno, Ca. 93727



Office of the Clerk US District Court
Northern District of California
1301 Clay St. Suite 400-S
Oakland, CA. 94612-5212

Chinyere Snowden
360 S. Helm Ave.
Fresno, CA. 93727