JOHN A. RUSSO, City Attorney - SB #129729
RANDOLPH W. HALL, Assistant City Attorney - SB #080142
RACHEL WAGNER, Supervising Trial Attorney - SB # 127246
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-4921
Fax: (510) 238-6500
Email: rwagner@oaklandcityattorney.org
25404/519221

Attorneys for Defendant
CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS L. HARVEY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OAKLAND, a municipal Corporation; OAKLAND POLICE DEPARTMENT; WAYNE TUCKER, Chief, Oakland Police Department; DEPUTY CHIEF HOWARD JORDAN, OAKLAND POLICE LIEUTENANT GIER, OAKLAND POLICE LIEUTENANT WHITMAN, OAKLAND POLICE OFFICER DOMINIQUE AROTZARENA, OAKLAND POLICE OFFICER J. MORRIS, OAKLAND POLICE OFFICER MUSCHI, OAKLAND POLICE OFFICER GUTIERREZ, In their official and individual capacities, Does 1 through 50, inclusive. <br><br> Defendants. | CASE NO. C07-01681SBA <br><br> **DECLARATION OF RACHEL WAGNER IN OPPOSITION TO EX PARTE MOTION FOR CONTINUANCE OF DISCOVERY** |

I, RACHEL WAGNER, declare as follows:

1. I am a Supervising Trial Attorney employed by the City Attorney's Office for the City of Oakland, and I am lead counsel in the above action. I have personal knowledge of

-1-

the following facts and, if called upon to do so, could and would competently testify thereto.

2.  I first saw plaintiff's ex parte motion for continuance of discovery on September 5, 2008, through the Court's e-filing system. Mr. Harvey did not meet and confer, or even mention, this motion to continue discovery. We did not receive any notice or service of the motion.

3.  Plaintiff Harvey served two requests for production – with a total of 67 document requests – to which defendants responded in January 2008 and July 2008, respectively. We produced all non-privileged documents in our possession in response to the two sets of document requests.

4.  Harvey, who was an associate of Your Black Muslim Bakery in 2004 and most of 2005, was one of several suspects arrested and charged with crimes involving the vandalism of two Oakland markets by Your Black Muslim Bakery associates on November 30, 2005. After eventually being dismissed by the District Attorney, Harvey brought suit here. Yet Harvey sought discovery far beyond the reach of his own warrant and arrest. Defendants diligently produced all documents regarding the warrant for plaintiff Harvey, his detention and his arrest in connection with those crimes. But Harvey also asked for materials regarding surveillance of the Black Muslim Bakery generally for several years, asked for information regarding confidential informants whose identities have been protected in state court, and asked for information that would have compromised pending criminal investigations and prosecutions of others by the Oakland Police Department and District Attorney's Office. As to documents that were privileged because of ongoing criminal investigations and prosecutions of Your Black Muslim Bakery members, the City asserted and explained those privileges. As to materials that had been transferred to the

District Attorney for pending prosecutions, the City informed plaintiff of same.

5.  The City provided every non-privileged document in its possession, custody or control regarding plaintiff and his claims. The City is providing every document upon which it will rely for a dispositive motion.

6.  Harvey also served five sets of requests for admission. Defendants provided verified responses to a total of 136 Requests for Admission. Lead investigator Sergeant Arotzarena has responded to two sets of Requests for Admission, with a total of 65 requests. The City of Oakland, Sgt. Morris and Deputy Chief Jordan also served verified responses to requests for admission propounded by Harvey.

7.  In July 2008, defendants provided over a month's notice for plaintiff's deposition for August 28, 2008. Upon calling to confirm the deposition a week before, I was told that plaintiff did not intend to come to Oakland for his deposition. The reasons varied from other obligations to not being able to afford to come to Oakland. During more than one conversation, the September 2nd discovery cut-off was mentioned. Plaintiff suggested extending the discovery cut-off for 45 days in exchange for appearing at his deposition. I declined.

8.  To comply with the discovery cut-off, I traveled to Fresno on one day's notice to take plaintiff's deposition on August 28. At that deposition, plaintiff made no mention of bringing an ex parte or other kind of motion to continue discovery.

9.  As plaintiff was informed at his deposition, and as is clear from the Court's scheduling order, defendants will be filing their motion for summary judgment motion shortly. That motion is based on (1) the probable cause underlying the warrant issued for plaintiff (2) the probable cause for the subsequent arrest of plaintiff for participating in

these crimes, and (3) the qualified immunity that attaches to the police officers' conduct in this case.

10. Harvey has all of the documents upon which defendants will rely in bringing their motion or, to the extent such documents are a matter of public record in his criminal case, equal access to them.

11. 11. Plaintiff's ex parte motion is file-stamped September 4, 2008, <u>after</u> the discovery cut-off of September 2, 2008.

12. Plaintiff's requested continuance of discovery would prejudice defendants' ability to bring a dispositive motion before the hearing cut-off date of October 21, 2008. Defendants contend that the false imprisonment and arrest claims will fail as a matter of law and are entitled to bring their motion for summary judgment. We intend to file that motion on or near September 12, 2008.

13. Trial is scheduled for December 8, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of September, 2008 in Oakland, California.

*Rachel Wagner*
Rachel Wagner

## PROOF OF SERVICE
### Harvey vs. City of Oakland
### Case No. C07-01681 MJJ

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One City Hall Plaza, 6th Floor, Oakland, California 94612. On date shown below, I served the within documents:

**DECLARATION OF RACHEL WAGNER IN OPPOSITION TO EX PARTE MOTINO FOR CONTINUANCE OF DISCOVERY**

- [ ] by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.
- [x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.
- [ ] by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.
- [ ] by causing such envelope to be sent by Federal Express/Express Mail

**Demetrius L. Harvey**
**360 So. Helm Avenue**
**Fresno, CA   93727**
**Telephone: 559-255-1971**

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed on September 8, 2008, at Oakland, California.

*/s/ Deborah Walther*
Deborah Walther