```
 1  JOHN A. RUSSO, City Attorney - SB #129729
    RANDOLPH W. HALL, Assistant City Attorney - SB #080142
 2  RACHEL WAGNER, Supervising Trial Attorney - SB # 127246
    One Frank H. Ogawa Plaza, 6th Floor
 3  Oakland, California  94612
    Telephone:  (510) 238-4921
 4  Fax:  (510) 238-6500
    Email:  rwagner@oaklandcityattorney.org
 5  25404/519220

 6  Attorneys for Defendants
    CITY OF OAKLAND, et al.
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS L. HARVEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF OAKLAND, a municipal Corporation; OAKLAND POLICE DEPARTMENT; WAYNE TUCKER, Chief, Oakland Police Department; DEPUTY CHIEF HOWARD JORDAN, OAKLAND POLICE LIEUTENANT GIER, OAKLAND POLICE LIEUTENANT WHITMAN, OAKLAND POLICE OFFICER DOMINIQUE AROTZARENA, OAKLAND POLICE OFFICER J. MORRIS, OAKLAND POLICE OFFICER MUSCHI, OAKLAND POLICE OFFICER GUTIERREZ, In their official and individual capacities, Does 1 through 50, inclusive.<br><br>　　　　Defendants. | CASE NO. C07-01681SBA<br><br>**DEFENDANTS' OPPOSITION TO EX PARTE MOTION FOR CONTINUANCE OF DISCOVERY** |

　　　　Defendant City of Oakland and the six police officers named as defendants (collectively "Defendants") oppose plaintiff's last-minute motion to extend the discovery

cut-off in this case.

## Violations of Procedure[1]

First, plaintiff did not meet and confer regarding this motion to continue discovery (in violation of Local Rule 16-2(d)); did not provide any basis for an ex parte motion (in violation of Local Rule 7-10), and did not even provide any notice or service of the motion (in violation of both Rule 16-2(d) and the basic rules of Civil Procedure). Defendants' first knowledge of this motion came on Friday, September 5, 2008 through the court's e-filing system.

## Document Requests

Plaintiff Harvey has taken full and repeated advantage of the written discovery process in this matter. Plaintiff served two requests for production – with a total of 47 document requests – to which defendants responded in January and July 2008, respectively. Defendants produced all non-privileged documents in their possession in response to the two sets of document requests.

Plaintiff, who was one of several suspects arrested and charged with crimes involving the vandalism of two Oakland markets by Your Black Muslim Bakery associates, sought discovery far beyond the reach of his own case. Defendants produced all documents regarding the warrant for plaintiff Harvey, his detention and his arrest in connection with those crimes. But Harvey also asked for materials regarding surveillance of the Black Muslim Bakery generally for several years, asked for information regarding confidential informants whose identities have been protected in state court, and asked for

---

[1] The declaration of defense counsel, Rachel Wagner, sets forth the facts below and is submitted herewith.

DEFENDANTS' OPPOSITION TO EX PARTE MOTION
FOR CONTINUANCE OF DISCOVERY

C07-01681SBA

information that would have compromised pending criminal investigations and prosecutions of others by the Oakland Police Department and District Attorney's Office. As to documents that were privileged because of ongoing criminal investigations and prosecutions of Your Black Muslim Bakery members, the City asserted and explained those privileges. As to materials that had been transferred to the District Attorney for pending prosecutions, the City informed plaintiff of same.

In sum, the City provided every non-privileged document in its possession, custody or control regarding plaintiff and his claims. The City is providing every document upon which it will rely for a dispositive motion.

### Requests for Admission

Plaintiff also served several sets of requests for admission. Defendants provided verified responses to 136 Requests for Admission. Lead investigator Sergeant Arotzarena responded to two sets of Requests for Admission, with a total of 65 requests for admission, in May and August 2008. The City of Oakland, Sgt. Morris, and Deputy Chief Jordan likewise responded to separate sets of requests for admission.

### Deposition of Plaintiff

In July 2008, defendants provided over a month's notice for plaintiff's deposition, scheduled for August 28, 2008. Upon calling to confirm the deposition a week before, defense counsel was informed that plaintiff did not intend to come to Oakland for his deposition. The reasons varied from other obligations to not being able to afford to come to Oakland. Defense counsel and plaintiff discussed the September 2nd discovery cut-off. Plaintiff suggested that defendants agree to extend the discovery cut-off into October in exchange for appearing at his deposition. Defense counsel declined. Instead, defense

counsel traveled to Fresno on one day's notice to take his deposition on August 28, before the discovery cut-off.

## Summary Judgment Motion

As plaintiff was informed at his deposition, and as is clear from the Court's scheduling order, defendants will be filing their motion for summary judgment motion shortly. That motion is based on (1) the probable cause underlying the warrant issued for plaintiff (2) the probable cause for the subsequent arrest of plaintiff for participating in these crimes, and (3) the qualified immunity that attaches to the police officers' conduct in this case. Plaintiff has all of the documents upon which defendants will rely in bringing their motion or, to the extent such documents are a matter of public record in his criminal case, equal access to them.

## No Grounds for Requested Relief

Plaintiff's ex parte motion also is untimely, having been filed <u>after</u> the discovery cut-off of September 2, 2008. Defendants have responded to 47 document requests and 136 requests for admission. Plaintiff has provided no good cause for yet more written discovery and, as to deposition discovery, has been in possession of the names of the relevant officers and District Attorneys for several months.

Plaintiff Harvey has not shown good cause for an ex parte motion. <u>See</u> N. D. Ca. Local Rule 7-10; <u>e.g., Mission Power Eng'g. Co. v. Continental Cas. Co.</u>, 883 F. Supp. 488, 492 (C.D. Ca. 1985). Similarly, plaintiff Harvey has not shown good cause to prolong discovery further. <u>See</u> F.R.C.P. 16(a)(4) (scheduling order can be modified only for good cause).

Defendants further object to plaintiff's requested continuance in that it would

-4-

-5-

prejudice their ability to bring a dispositive motion before the hearing cut-off date of October 21, 2008. Defendants contend that the false imprisonment and arrest claims (and other related claims) will fail as a matter of law, and they are entitled to bring their motion for summary judgment. Trial is scheduled for December 8, 2008.

For the foregoing reasons, defendants request that plaintiff's ex parte motion to continue discovery be denied.

Dated: September 8, 2008

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
RACHEL WAGNER, Supervising Trial Attorney

By: *Rachel Wagner*
Attorneys for Defendants
CITY OF OAKLAND, et al.

| | |
|---|---|
| 1 | |
| 2 | **PROOF OF SERVICE**<br>**Harvey vs. City of Oakland**<br>**Case No. C07-01681 MJJ** |
| 3 | |

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One City Hall Plaza, 6th Floor, Oakland, California 94612. On date shown below, I served the within documents:

**DEFENDANTS' OPPOSITION TO EX PARTE MOTION FOR CONTINUANCE OF DISCOVERY**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐    by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by causing such envelope to be sent by Federal Express/Express Mail

**Demetrius L. Harvey**
**360 So. Helm Avenue**
**Fresno, CA   93727**
**Telephone:  559-255-1971**

    I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

    Executed on September 8, 2008, at Oakland, California.

_____
Deborah Walther